UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
TARGET STAFFING, INC.               )
                                    )    CIVIL ACTION NO. 1:05-cv-11551
        Plaintiff,                  )
                                    )
        v.                          )
                                    )
DIVERSIFIED INVESTMENT              )
ADVISORS, INC.                      )
                                    )
        Defendant.                  )
_____)

**DIVERSIFIED INVESTMENT ADVISORS, INC.'S ANSWER TO THE COMPLAINT**

Defendant Diversified Investment Advisors, Inc. ("Diversified") responds to the Complaint and Jury Demand of Plaintiff Target Staffing, Inc. as follows. To the extent that Diversified answers any allegations therein by stating that a response is not required to a particular statement and a response is subsequently found to be required, such allegation shall be deemed denied. Plaintiff's introductory paragraph sets forth its theory of the case and conclusions of law to which no response is required. Insofar as the paragraph is deemed to make allegations of fact, Diversified denies them.

    1.    Diversified is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 1 and, therefore, denies same.

    2.    Denied, except that Diversified admits that it is incorporated in Delaware.

    3.    Denied, except that Diversified admits that it is a financial services company, is headquartered in Purchase, NY, has its principal place of business in Purchase, NY and has offices located throughout the United States, including in Newton, Massachusetts.

4. Diversified admits the first sentence of ¶ 4 on information and belief, except that it is without information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff is "small." Diversified is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 4 and, therefore, denies same.

5. Diversified is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 5, and, therefore, denies same.

6. Denied, except that Diversified admits that Marc Cahn is a Vice President of Diversified and that he was introduced to Ms. Bush in or about September 2004.

7. Diversified admits that Mr. Cahn received a Temporary Services Agreement and further states that the document attached as Exhibit 1 to the complaint appears to be a true and accurate copy of said agreement. Diversified denies that Mr. Cahn received the alleged Attachment. No response is required to the remaining allegations in ¶ 7 because the documents referred to therein speak for themselves.

8. No response is required to the allegations in ¶ 8 because the document referenced therein speaks for itself.

9. No response is required to the allegations in ¶ 9 because the documents referenced therein speak for themselves.

10. Denied, except that Diversified admits that the document referenced in ¶ 10 was signed by Mr. Cahn.

11. Diversified admits that Plaintiff referred several candidates to Mr. Cahn, but denies the remaining allegations in ¶ 11.

12. The allegation in the first sentence of paragraph ¶ 12 is too vague and ambiguous to answer and, therefore, is denied. Diversified denies the remaining allegations in ¶ 12.

13. Denied.

14. Denied.

15. Denied, except that Diversified states that no response is required to the allegations in the third sentence of ¶ 15 because the document referenced therein speaks for itself.

16. Denied.

17. Denied.

18. Diversified admits that Mr. Cahn sent a letter to Plaintiff's counsel on or about June 1, 2005, which letter speaks for itself. Diversified denies the remaining allegations in paragraph ¶ 18.

## COUNT I

19. Diversified repeats and incorporates its responses to paragraphs 1-18 as if fully set forth here.

20. Denied.

21. Denied.

22. Denied.

## COUNT II

23. Diversified repeats and incorporates its responses to paragraphs 1-22 as if fully set forth here.

24. Denied.

25. Denied.

## COUNT III

26. Diversified repeats and incorporates its responses to paragraphs 1-25 as if fully set forth here.

27. Denied.

28. Denied.

29. Denied.

## COUNT IV

30. Diversified repeats and incorporates its responses to paragraphs 1-29 as if fully set forth here.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT V

35. Diversified repeats and incorporates its responses to paragraphs 1-34 as if fully set forth here.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is barred from recovery in whole or part by operation of the doctrine of estoppel.

### Third Affirmative Defense

Plaintiff is barred from recovery in whole or part by operation of the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff is barred from recovery in whole or part because it has failed to name the correct company as a defendant.

### Fifth Affirmative Defense

Plaintiff is barred from recovery in whole or part due to accord and satisfaction.

### Sixth Affirmative Defense

Plaintiff is barred from recovery in whole or part due to failure of consideration.

### Seventh Affirmative Defense

Plaintiff is barred from recovery in whole or part due to fraud.

### Eighth Affirmative Defense

Plaintiff is barred from recovery in whole or part because it has received payment.

### Ninth Affirmative Defense

Plaintiff is barred from recovery in whole or part under the doctrine of laches.

### Tenth Affirmative Defense

Plaintiff is barred from recovery in whole or part due to waiver.

### Eleventh Affirmative Defense

Plaintiff is barred from recovery in whole or part due to its own breach of contract.

### JURY DEMAND

Diversified demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: July 26, 2005<br>Boston, MA | Respectfully Submitted,<br><br>/s/ Mayeti Gametchu<br>Kevin J. O'Connor (BBO# 555250)<br>Mayeti Gametchu (BBO# 647787)<br>James W. Bell (BBO# 658123)<br>PARAGON LAW GROUP, LLP<br>184 High Street<br>Boston, MA 02110<br>(617) 399-7950<br><br>Attorneys for Defendant<br><br>DIVERSIFIED<br>INVESTMENT ADVISORS, INC. |

## **CERTIFICATE OF SERVICE**

    I, Mayeti Gametchu, hereby certify that, on July 26, 2005, I caused a true and correct copy of the foregoing document to be served by first class mail, postage prepaid, on counsel for Plaintiff, Alexander Furey, 28 State Street, Suite 1100, Boston, MA 02109.

                                                /s/ Mayeti Gametchu

0054-002-101915